## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

PAT BUTLER v. GOVERNMENT EMPLOYEES INSURANCE COMPANY.

September 1, 1971.

Record No. 7610.

Present, All the Justices.

*Robert Sondej* (*Mattox, Hawks & Sondej,* on brief), for appellant.

*Robert M. Furniss, Jr.* (*Furniss, Davis & Sachs,* on brief), for appellee.

CARRICO, J., delivered the opinion of the court.

Government Employees Insurance Company (GEICO) filed a motion for declaratory judgment against Pat Butler, Norman C. Bonenberger, and Marcia Pegram McVey seeking a determination of its liability on an insurance policy issued to Mrs. McVey. The issue presented to the trial court was whether a Corvette, acquired by Mrs. McVey during the policy period, had "replaced" a Volkswagen, initially insured, so as to afford coverage for Miss Butler's claim resulting from operation of the Corvette by Bonenberger. The trial court ruled in GEICO's favor, and Miss Butler was granted an appeal.

The record shows that the policy issued to Mrs. McVey (then

Pegram) was effective for one year from October 10, 1968. The policy contained a provision extending coverage to any automobile "ownership of which is acquired by the named insured during the policy period, provided . . . [i]t replaces an owned automobile." An owned automobile was defined as one "described in [the] policy for which a specific premium charge indicates that coverage is afforded."

The policy as issued covered a 1967 Volkswagen owned by Mrs. McVey. On March 15, 1969, within the policy period, Mrs. McVey purchased a 1958 Chevrolet Corvette, retaining ownership of the Volkswagen. Several weeks after the purchase, Mrs. McVey placed the Volkswagen with Victory Sales Corporation, an automobile agency where her husband was sales manager, to be sold for her. The Volkswagen was fully operable and Mrs. McVey's license plates, which were renewed after the car was put up for sale, remained on the vehicle. The Volkswagen was operated for purposes of demonstration while on the Victory lot.

The Corvette was also operable and was occasionally operated by Mrs. McVey, although it was garaged several times for repair work preparatory to a cross-country trip planned by the McVeys. During this time, the Corvette carried dealer's license plates issued to Victory Sales Corporation.

On May 27, 1969, Mrs. McVey's license plates were removed from the Volkswagen and placed on the Corvette. On the same date, an application for the transfer of the plates was forwarded to the Division of Motor Vehicles, the application certifying that GEICO's policy was applicable to the Corvette. The transfer was made by the Division on June 5.

On June 27, the Volkswagen was sold and title was transferred. Victory Sales Corporation was paid a commission on the transaction.

Meantime, on May 28, Bonenberger, while operating the Corvette with permission of Mrs. McVey, was involved in an accident. Miss Butler, a passenger in the vehicle, was injured. Mrs. McVey then notified GEICO of her acquisition of the Corvette and requested transfer of her insurance coverage.

Miss Butler brought an action against Bonenberger for damages, and the question arose whether GEICO's policy covered his liability resulting from operation of the Corvette. Thereupon, GEICO instituted the present declaratory judgment proceeding.

The trial court ruled that "the Corvette did not replace the Volks-

wagen within the meaning of the policy provisions." Accordingly, GEICO's policy was held not to provide coverage for the accident in which the Corvette was involved.

On appeal, Miss Butler contends that the trial court erred in its finding. She argues that the Corvette replaced the Volkswagen when the latter was put up for sale at Victory Sales Corporation and, if not then, most certainly when Mrs. McVey's license plates were taken off the Volkswagen and placed on the Corvette.

We have no difficulty in agreeing with the trial court's finding that the Corvette did not replace the Volkswagen within the meaning of the policy provisions. As the lower court noted, both cars remained in the ownership and under the control of Mrs. McVey and both vehicles were operable until the accident occurred in which the Corvette was involved. That the Volkswagen had been put up for sale and that its license plates had been physically transferred to the Corvette had no legal effect on the situation.

Under these circumstances, and regardless of what interpretation is put upon the policy provisions relative to when replacement should occur, the holding is inescapable that the Volkswagen remained the insured vehicle and that coverage never attached to the Corvette. This results in affirmance of the judgment of the trial court.

*Affirmed.*